# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALICIA GALVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:14-cv-2538 -ELR |
| | ) |
| VALUE PLACE PROPERTY MANAGEMENT LLC, | ) |
| | ) |
| Defendant. | ) |

## AGREEMENT AND RELEASE

**1.  Parties And Released Parties:**

This document sets forth the terms and conditions of the Agreement and Release ("Agreement") by and between the Plaintiff Alicia Galvan ("the Releasor"), and Value Place Property Management LLC ("the Employer"). The term "Releasees" is defined as the Employer, and all of their corporate parents, subsidiaries, divisions and affiliates and current and former officers, directors, employees, shareholders, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

**2.  Payment And Consideration:**

A.  The Employer shall pay to the Releasor a total payment of six thousand and ten dollars and 17/100 cents ($6,010.17), including liquidated damages. Additionally, the Parties have agreed that a reasonable attorney fee and litigation costs for the FLSA claim in this case is eight thousand nine hundred and eighty-nine dollars and 83/100 ($8,989.83).

B.  The amount for the Releasor's back pay shall be paid by the Employer in a check made payable to "Alicia Galvan" and shall be issued within fourteen (14) business days after the Court issues its notice of approval of the settlement of this matter (including this Agreement). The Parties recognize and agree that the payment to the Releasor is subject to applicable taxes and withholdings.

The amount for attorney's fees and expenses shall be paid by the Employer in a separate check made payable to Barrett & Farahany, LLP and shall be issued within fourteen (14) days after the Court issues its notice of approval of the settlement of this matter (including this Agreement).

C. The Parties acknowledge that Releasor will promptly file the Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case With Prejudice in the form attached to this Agreement as Exhibit A ("Joint Motion").

D. Notwithstanding the foregoing, the Releasor and her counsel acknowledges and agrees that, in the event the Court denies the Parties' Joint Motion and the Parties cannot, thereafter, secure court approval of a mutually agreeable settlement agreement within forty-five (45) calendar days of the Court's Order denying the Joint Motion, this Agreement shall be null and void.

**3. Release:**

A. Plaintiff releases and forever discharges Releasees and its predecessors, successors, parents, affiliates, subsidiaries, assigns, and all of their present and former directors, officers, employees, agents, shareholders, and representatives from any and all claims, causes of action, demands, debts, obligations, damages or liability which were asserted in the matter now pending in the Northern District of Georgia – Civil Action File No. 1:14-CV-2538-ELR., including those claims, causes of actions, demands, debts, obligations, damages or liability arising under the FLSA or related theories of recovery under state law, including but not limited to breach of contract and unjust enrichment.

B. The Releasor and Releasees agree that this Agreement does not release any claims for unlawful discrimination, including any claims for hostile work environment based on sex or retaliation under Title VII of the Civil Rights Acts of 1964 (Title VII), as amended which Releasor may have against any of the Releasees, including Releasor's claims identified in her EEOC Charges currently pending with the EEOC. The Releasor and Releasees agree that nothing in this Agreement shall impair in any way the Releasor's right to pursue any claims or damages for unlawful discrimination, including sexual harassment, or retaliation under any federal or state statute.

**4. Covenant Not To Sue:**

The Releasor further covenants and acknowledges that neither the Releasor, nor any person, organization or other entity acting on the Releasor's behalf has or will sue or cause or permit suit against the Releasees upon any claim released herein or to participate in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein.

5.   **Knowing and Voluntary Waiver and Release:**

A.   It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Releasor's claims.

B.   The Releasor also acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which the Releasor otherwise has no legal entitlement.

6.   **Acknowledgments, Representations, and Warranties**

The Releasor attests, certifies, represents, and warrants to the Employer that the Releasor is legally competent to execute this Agreement and that the Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Releasor has or may have by reason of the claims released herein.

7.   **Right to Retain Advisor or Counsel:**

A.   It is understood that the Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and is advised to consult with legal counsel prior to signing this Agreement. The Releasor also acknowledges that, before signing this Agreement, the Releasor has read and fully understands each paragraph thereof and that the meaning of this Agreement has been explained to the Releasor by the Releasor's attorney, Victor Severin Roberts, Esq.. Releasor's Attorney acknowledges that he has advised the Releasor regarding this Agreement before the Releasor signed this Agreement. Any notice required to Releasor under this Agreement shall be satisfied by written or electronic notice to Releasor's attorney.

B.   The Releasor acknowledges that, upon the effective date of this Agreement, the Releasor will fully and irrevocably release any and all claims the Releasor may have against the Releasees that are specified in Section 3(a) of this Agreement.

8.   **Entire Agreement:**

A.   This Agreement constitutes the entire agreement between the Releasor and the Employer pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Releasor and an authorized representative of the Employer.

B.   In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

**9.   Effective Date:**

The Releasor acknowledges that, upon execution of this Agreement, it will be effective and binding upon the Releasor and is irrevocable.

**10.   Successors and Assigns:**

This Agreement shall be binding upon the Releasor and the Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

**11.   Non-Admission:**

The Releasor acknowledges that the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

**12.   Miscellaneous:**

A.   The Releasor acknowledges that the Releasor has had reasonable and sufficient time to consider whether or not the Releasor desires to enter into this Agreement and any decision by the Releasor to execute this Agreement prior to that time is a knowing and voluntary decision.

B.   The Releasor acknowledges that, by signing this Agreement, the Releasor is giving up certain rights the Releasor has. The Releasor acknowledges that the Releasor does not have to sign this Agreement.

C.   It is further agreed and understood that the Releasor will indemnify, defend and hold harmless the Releasees for all claims and damages, including attorneys' fees and costs, resulting from the Releasor's material breach of this Agreement. The Employer will give written notice to the Releasor in the event that the Employer contends the Releasor has breached this Agreement and the Releasor will have five (5) days within which to reasonably cure the breach. If the Releasor has not cured the breach, the Releasor acknowledges that the Employer may bring suit to enforce the terms of this Agreement and to recover damages for breach of this Agreement, including a suit for equitable relief and injunctive relief, and the Releasor consents to the exclusive jurisdiction of any court for any suit brought regarding any claim concerning the provisions of this Agreement whether suit is brought by the Employer or Releasor.

   D. The Releasor agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. The Releasor further agrees to indemnify and hold the Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Releasees by reason of any such claims, including any amounts paid by the Employer as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise. As further consideration for the payment herein, the Releasor hereby agrees to protect and hold harmless the Releasees against any claims for subrogation or liens of any nature arising out of the said incident and/or resulting injuries and/or damages, including, but not limited to, a Medicare lien. Should any person or entity, including but not limited to, any insurer, reinsurer, health care provider and/or health insurance provider of the Releasor and/or Medicare, make such a claim against the Releasees for any such damages, the Releasor hereby agrees to defend, indemnify and hold harmless the Releasees from any and all such claims, liens, charges, fees, costs, interest and other sums.

   E. The Releasor acknowledges that neither the Employer nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement.

   F. It is agreed that neither the existence of this Agreement nor any of its provisions shall be offered in evidence by any of the parties hereto, or their agents, in any action or proceeding other than an action to enforce this Agreement.

   G. This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax signatures in lieu of original signatures are acceptable.

   IN AGREEMENT HERETO, the Releasor and the below representative of the Employer set their hand and seal.

*[signatures on following page]*

**THE RELEASOR**

_/s/ Alicia Galvan_
Alicia J. Galvan (SEAL)

04/07/15
Date

**THE EMPLOYER**

_/s/ Kyle Rogg_
Kyle Rogg

4/14/15
Date

Sworn to and subscribed before me this 7 day of April, 2015.

_/s/ Linda Petmecky_
Notary Public

LINDA PETMECKY
NOTARY PUBLIC
Dekalb County
State of Georgia
My Comm. Expires December 5, 2016

Approved by:

_/s/ Victor Severin Roberts_
Victor Severin Roberts (SEAL)
Attorney for the Releasor

4/7/2015
Date