**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALICIA GALVAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:14-CV-02538-ELR |
| | * | |
| VALUE PLACE PROPERTY | * | |
| MANAGEMENT LLC, | * | |
| | * | |
| | * | |
| Defendant. | * | |

_____

**O R D E R**
_____

The parties to this action request the Court review and approve their settlement agreement (Doc. No. 28). Importantly, Plaintiff's claims are brought pursuant to the Fair Labor Standards Act ("FLSA") which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are

prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first exception, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employee is represented by counsel—there is some assurance that the employee's rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiff is represented by counsel.

After reviewing the parties' Joint Motion for Court Review and Approval of the Parties' Settlement Agreement and Dismissal of Case With Prejudice and the settlement agreement attached thereto, the Court finds there is a bona fide dispute regarding claims arising under the FLSA, and the proposed settlement agreement submitted by the parties is a fair and reasonable resolution to this action. Plaintiff

alleges that during approximately 23 weeks of employment with Defendant, she worked approximately 17 unpaid overtime hours per week, or 391 overtime hours; accounting for weeks she may have worked no overtime due to personal or vacation days off, the parties estimate the total amount of overtime hours to be 312. Based on those estimates, if Plaintiff prevailed at trial, she could be entitled to, at most, between approximately $7,600 and $9,500 in unpaid wages.  Pursuant to the settlement, Plaintiff will receive $6,010.17.

The Court finds the parties engaged in an arms-length settlement negotiation and eventually agreed upon a fair resolution to this dispute. Plaintiff is receiving close to the full amount of unpaid wages she could recover at trial if she prevailed on the merits. Additionally, although Plaintiff's attorneys will be receiving significantly less than their accrued time in this case, given the disputed issue on liability and the amount Plaintiff is receiving, the Court finds this amount is reasonable.

Accordingly, the parties' Joint Motion for Court Review and Approval of the Parties' Settlement Agreement (Doc. No. 28) is **GRANTED**. The settlement agreement is thus **APPROVED**, the case is **DISMISSED WITH PREJUDICE,** and the Clerk shall **CLOSE** this case.

**SO ORDERED**, this 29th day of April, 2015.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE